Chancellor J. Johnston
delivered the opinion of- the court.
The charge in the bill is not, that the slave had fever and ague,' at the purchase, which ' was subsequently attended' with dropsy but that she died of dropsy, which disease existed at the- time of the sale.
If, therefore,- the plaintiff could derive any benefit from proof of Unsounduess, she should be allowed an opportunity to produce it.-
But it was decided, 1ft years ago, at Columbia, in Sligh vs. Green-way, that a refusal'to warrant negatives all implication of warranty t a doctrine not doubtful before that decision; and one, which, I never heard doubted since.
The striking the warranty out of the bill of sale was a refusal' to warrantand to imply a warranty would be to change the con-' tract of the parties.
A vendor, although he exempts- himself from- the implication ?of warranty, by refusing to warrant,-is nevertheless, liable for fraud, if he wilfully conceals a material defect of which he has knowledge, and of which the vendee is ignorant. But that is not charged or pretended in this case.
The motion is dismissed.
J. JOHNSTON.
"We concur,.
DAVID JOHNSON,
WM. HARPER.